IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES HENRY BROWN,

     Petitioner,

v.                          Civil Action No. **3:15CV510**

LESLIE J. FLEMING,

     Respondent.

**REPORT AND RECOMMENDATION**

James Henry Brown, a Virginia inmate proceeding pro se, submitted a 28 U.S.C. § 2254 petition (hereinafter "§ 2254 Petition," ECF No. 1) challenging his 2012 convictions in the Circuit Court of Fairfax County (hereinafter "Circuit Court"). Brown argues entitlement to relief on the following grounds:

Claim 1: Brown was denied due process[1] when the "Circuit Court tried and convicted [Brown] on a defective indictment." (§ 2254 Pet. 6.)[2]

---

[1] Brown claims that his "5th, 6th and 14th Amendment" due process rights were violated. (See, e.g., § 2254 Pet. 6.) However, as no federal officials are involved, Brown's claims are governed by the Sixth and Fourteenth Amendments. See Castillo v. McFaddan, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("[Plaintiff's] citation of the Fifth Amendment was, of course, incorrect. The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). The Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

    The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." U.S. Const. amend. VI.

Claim 2:    Brown was denied due process when he was "tried and convicted on insufficient evidence." (Id. at 7.)

Claim 3:    Brown was denied due process "when the prosecutor made several improper remarks during the closing argument and the sentencing phase of [Brown's] trial." (Id. at 8-9.)

Claim 4:    Counsel rendered ineffective assistance[3] when he "failed to object to the defective indictment that was issued by the grand jury." (Id. at 11.)

Claim 5:    Counsel rendered ineffective assistance when he "failed to object to the prosecutor's improper remarks." (Id. at 13.)

Claim 6:    Counsel rendered ineffective assistance when he "failed to request a petit larceny jury instruction." (Id. at 15.)

Claim 7:    Counsel rendered ineffective assistance when he "failed to investigate [Brown's] defense." (Id. at 17.)

Claim 8:    Appellate counsel rendered ineffective assistance when he "failed to raise discovery violations on appeal." (Id. at 18.)

Claim 9:    Appellate counsel rendered ineffective assistance when he "failed to refute what the prosecutor had said in [his] opposition to appeal." (Id. at 20.)

Claim 10:   Brown was denied due process "when the prosecutor placed a January 26, 2012 receipt into evidence that

---

[2]  The Court employs the pagination assigned by the CM/ECF docketing system for the citations to Brown's submissions. Brown also has a very distinct, stylized handwriting that makes it difficult for the Court to decipher some spelling. The Court corrects Brown's spelling to the closest contextually appropriate word. The Court also corrects the capitalization and grammar in quotations from Brown's submissions.

[3]  "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

wasn't a part of the discovery or record." (Id. at 21.)

Respondent has moved to dismiss the action (ECF No. 16). Brown filed a response (ECF No. 22). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that Respondent's Motion to Dismiss be GRANTED.

## A.   Factual and Procedural History

After a jury trial, Brown was convicted of grand larceny, possession of burglary tools, and possession of marijuana. (ECF No. 17-2.)

Brown appealed his convictions, arguing that insufficient evidence existed to support his conviction for grand larceny. The Court of Appeals of Virginia denied Brown's petition for appeal. (ECF No. 17-6, at 16.) A three-judge panel of the Court of Appeals of Virginia also denied Brown's petition for appeal. (Id. at 19.) The Supreme Court of Virginia refused Brown's subsequent petition for appeal. (ECF No. 17-7, at 1.)

Brown filed a petition for writ of habeas corpus in the Supreme Court of Virginia raising Claims 1, 2, 4, 6-10, and a portion of Claims 3 and 5. (See ECF No. 17-8, at 6-42.) The Supreme Court of Virginia dismissed Brown's habeas petition. (ECF No. 17-11, at 7.) Brown subsequently filed the instant § 2254 Petition.

3

B.  **Analysis**

  1.  **Exhaustion and Procedural Default (Claims 1, 3, 5, and 10)**

The exhaustion requirement "'is rooted in considerations of federal-state comity,'" and in the Congressional determination reflected in the federal habeas statutes "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to

4

address the constitutional claims advanced on federal habeas. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (quoting Duncan, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas

petitioner has procedurally defaulted his federal habeas claim."
Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).
A federal habeas petitioner also procedurally defaults claims
when he or she "fails to exhaust available state remedies and
'the court to which the petitioner would be required to present
his claims in order to meet the exhaustion requirement would now
find the claims procedurally barred.'" Id. (quoting Coleman,
501 U.S. at 735 n.1). The burden of pleading and proving that
a claim is procedurally defaulted rests with the state. Jones
v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010)
(citing cases). Absent a showing of cause and prejudice or a
fundamental miscarriage of justice, this Court cannot review the
merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255,
262 (1989).

The Supreme Court of Virginia refused to review the
substance of Claims 1 and 3 in the present § 2254 Petition,
because Brown could have raised, but failed to raise, these
claim on direct appeal. (ECF No. 17-11, at 1-2 (citing Slayton
v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974)). Slayton
constitutes an adequate and independent state procedural rule
when so applied. See Mu'Min v. Pruett, 125 F.3d 192, 196-97
(4th Cir. 1997). Thus, Brown procedurally defaulted Claims 1
and 3. To the extent that Brown asserts that ineffective
assistance of counsel constitutes cause to excuse his default of

Claims 1 and 3 (see Traverse 11, 18), that contention lacks merit for the reasons set forth in the discussion of Claims 4 and 5 infra in Part B.4.[4]  Accordingly, it is RECOMMENDED that Claims 1 and 3 be DISMISSED.

Brown raised Claim 10 as Claim (G) in his habeas petition filed in the Supreme Court of Virginia. (See ECF No. 17-8, at 40.)  The Supreme Court of Virginia, however, did not address this claim in their opinion.  In Claim 10, Brown argues that he was denied due process "when the prosecutor placed a January 26, 2012 receipt into evidence that wasn't a part of the discovery or record."  (Id. at 21.)  Had the Supreme Court of Virginia

---

[4] In Claim 3, Brown identifies several different statements that he argues establish prosecutorial misconduct that he failed to identify in his presentation of the claim before the Supreme Court of Virginia.  Similarly, in Claim 5, Brown faults counsel for failing to object to these statements made by the prosecutor.  The Court identifies these new statements in its discussion of Claim 5 below.  Because Brown failed to raise these portions of his claim in the state courts, these new allegations cannot provide a basis for federal habeas relief. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011).  In his Traverse, Brown fails to provide any cause and resulting prejudice for his default of these portions of Claims 3 and 5.

While these portions of Claims 3 and 5 are defaulted because Brown failed to raise them before the Supreme Court of Virginia, in light of Martinez v. Ryan, 132 S. Ct. 1309 (2012), the Court addresses the merits of these new, and defaulted, portions of Claims 3 and 5 infra in Part B.4.  See id. at 1323 (Scalia, J., dissenting) (observing that as "a consequence of today's decision the States will always be forced to litigate in federal habeas, for all defaulted ineffective-assistance-of-trial-counsel claims (and who knows what other claims) . . . the validity of the defaulted claim (where collateral-review counsel was not appointed)").  Again, Brown's assertion that ineffective assistance of counsel serves as the cause for the default of Claims 3 and 5 lacks merit.

addressed this claim, it would have found the claim barred by
Slayton, 205 S.E.2d at 682, because Brown could have raised, but
failed to raise, this claim during trial or on appeal. Thus,
Claim 10 would be barred from review here. See Mu'Min, 125 F.3d
at 196-97.

In Claim 9, however, Brown faults counsel for failing to
raise his purported due process challenge on appeal.
Accordingly, the Court construes Brown to argue that appellate
counsel's failure to raise the due process challenge on appeal
serves as cause for the default of Claim 10. As explained in
infra Part B.4, Claim 9 lacks merit because appellate counsel
did not render ineffective assistance. Accordingly, appellate
counsel's alleged deficiency fails to excuse Brown's default of
Claim 10. Accordingly, it is RECOMMENDED that Claim 10 be
DISMISSED.

### 2. Applicable Constraints upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a
petitioner must demonstrate that he is "in custody in violation
of the Constitution or laws or treaties of the United States."
28 U.S.C. § 2254(a). The Antiterrorism and Effective Death
Penalty Act ("AEDPA") of 1996 further circumscribed this Court's
authority to grant relief by way of a writ of habeas corpus.
Specifically, "[s]tate court factual determinations are presumed
to be correct and may be rebutted only by clear and convincing

8

evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

### 3.   Sufficiency of the Evidence (Claim 2)

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt." Id. at 319 (citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Id. at 318.

In Claim 2, Brown contends that he was denied due process when he was "tried and convicted on insufficient evidence" with respect to the grand larceny conviction. (§ 2254 Pet. 7.) Brown argues, in sum, that the Commonwealth's main witness,

> Lemar Gardizi testified that [Brown] selected two pairs [of] jeans from [the] display and entered the fitting room, and that when [Brown] exited the fitting room, [Brown] returned two pairs [of] jeans to the display (video footage confirmed). The witness . . . testified that [Brown] selected two coats and entered the fitting room, and that when [Brown] exited, [Brown] returned one coat to the display. The witness . . . testified that the two pairs [of] jeans recovered from [Brown's] bags scanned into the system as Lord & Taylor merchandise, however, the system does not identify the merchandise as Fair Oaks merchandise. The witness . . . testified "yes" the jeans could have been bought at another Lord & Taylor. The witness . . . testified that [Brown] took, carried, and concealed a coat. The witness . . . never testified that [Brown] took, carried, or concealed jeans. There was no caption and asportation of the jeans. [Brown] was prejudiced by the outcome.

(Id. at 8.) As explained below, Brown's claim requires little discussion due to its apparent lack of merit.

The Court of Appeals of Virginia summarized the evidence of Brown's guilt as follows:

10

A security camera DVD showed that on January 26, 2012, appellant and a male companion entered Lord & Taylor at Fair Oaks Mall, carrying one shopping bag, and that they went to the Ralph Lauren Polo section of the store; specifically to the men's jeans and jacket area. In the DVD, appellant can be seen taking two jackets off the display as well as several pairs of jeans and going into a dressing room. When appellant exited the dressing room, he is seen again on DVD returning a jacket and some jeans to their displays and exiting the store with three shopping bags. Appellant was stopped by a store loss prevention officer approximately 50-100 feet outside of the store and asked to return to the store office. While appellant was being detained, another loss prevention officer checked the display racks and found that one jacket was hanging on two coat hangers and a sensor tag was in the pocket of the jacket. Likewise, there were two sensor tags found in the pockets of some of the jeans on the display. When questioned by loss prevention, appellant admitted that he had taken the jacket and removed the jacket from the larger shopping bag he was carrying. Appellant refused to let loss prevention search him but removed a pair of wire cutters and a packet of cigarettes from his pockets. Two of the cigarettes were later found to contain marijuana. When police officers arrived on the scene, they searched appellant's other bags and found two pairs of Lord & Taylor jeans. Both the jacket and the pairs of jeans had their security sensors removed. The jacket's value was $185, and the value of each pair of jeans was $85.

(ECF No. 17-6, at 16-17.)

In finding sufficient evidence to convict Brown of grand larceny and rejecting his claim, the Court of Appeals of Virginia explained:

The fact finder determined that there was ample evidence for a rational trier of fact to find that the appellant stole a jacket and two pairs of jeans from Lord and Taylor. The modus operandi used by appellant to steal the jacket can also be attributed to the jeans. Specifically, when appellant stole the jacket,

11

he took two jackets in the dressing room, cut the sensor off of one of them, put the sensor in the other jacket's pocket and put that jacket back on the rack, putting the jacket without the sensor in his shopping bag. Similarly, appellant is seen on the surveillance camera taking more than two pairs of jeans into the dressing room. Two pairs of jeans were returned to the rack with cut sensors in their pockets, and two pairs of jeans were found in appellant's shopping bag. The course of events is confirmed by surveillance camera, the statements of the loss prevention officers, and appellant's own admissions.

　　The evidence, when considered in its entirety and drawing reasonable inferences in favor of the Commonwealth, was sufficient to prove beyond a reasonable doubt that appellant was guilty of larceny of one jacket and two pairs of jeans. Thus, the value of the property exceeded $200.

(Id. at 17.) Despite Brown's argument to the contrary, any rational factfinder could conclude that Brown committed grand larceny.

Section 18.2-95 of the Virginia Code provides that: "Any person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." Va. Code Ann. § 18.2-95 (West 2016). Larceny has been defined as "the wrongful or fraudulent taking of personal goods belonging to another without his consent and with the intention to deprive the owner thereof permanently." Berryman v. Moore, 619 F. Supp. 853, 855 (E.D. Va. Oct. 10, 1985) (quoting Skeeter v. Commonwealth, 232 S.E.2d 756 (Va. 1977)). First, the fact that Brown committed larceny when he stole the coat is undisputed by

12

Brown.  Circumstantial evidence also established that Brown took the two pairs of jeans from the Fair Oaks Mall Lord & Taylor store.  The store surveillance video demonstrated that Brown took more than one pair of jeans into the fitting room and returned some quantity of the jeans to the Polo Ralph Lauren display.  (Sept. 25, 2012 Tr. 94-96.)  As Brown exited the store, he had two pairs of Polo Ralph Lauren brand jeans in a Macy's bag that had Lord & Taylor price tags attached to them but no merchandise protection sensors.  (Sept. 25, 2012 Tr. 106-07, 110, 186.)  Lord & Taylor security officers found a coat in the display with an extra sensor in its pocket that had been removed from the stolen coat.  (Sept. 25, 2012 Tr. 110-11.) Similarly, Lord & Taylor security officers found two extra sensors that had been removed from two pairs of jeans in the pocket of a pair of jeans in the merchandise display.  (Sept. 25, 2012 Tr. 109-10.)  The two pairs of jeans and the coat were worth more than $200.  (See Sept. 25, 2012 Tr. 113.)  Brown's suggestion that he could have purchased these two pairs of jeans at a different Lord & Taylor store is palpably incredible.

Overwhelming evidence existed that Brown committed grand larceny.  Thus, after reviewing the evidence and credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson, 443

U.S. at 319 (citing Johnson, 406 U.S. at 362). Accordingly, it is RECOMMENDED that Claim 2 be DISMISSED.

### 4. Ineffective Assistance of Counsel (Claims 4-9)

#### a. Trial Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim 4, Brown argues that counsel rendered ineffective assistance when he "failed to object to the defective indictment

14

that was issued by the grand jury." (§ 2254 Pet. 11.)
Specifically, Brown argues that the indictment failed to include
"every essential element" of grand larceny and contained an
error. (Id. at 11-12.)

In explaining and rejecting this claim, the Supreme Court
of Virginia found:

> Petitioner contends the indictment did not
> include every element of the offense, incorrectly
> stated that the property stolen belonged to Federated
> Department Stores, Inc., t/a Lord & Taylor, when
> Federated is no longer affiliated with Lord & Taylor,
> and failed to identify the property stolen.
>
> The Court holds that [Claim 4] satisfies neither
> the "performance" nor the "prejudice" prong of the
> two-part test enunciated in Strickland v. Washington,
> 466 U.S. 668, 687 (1984). The record, including the
> indictment, demonstrates that the indictment clearly
> identified petitioner as the criminal agent, described
> the offense of grand larceny by charging petitioner
> with feloniously taking, stealing, and carrying away
> property valued at more than $200, and recited the
> alleged date and location of the offense. Counsel
> could reasonably have determined the indictment was
> sufficient to alert petitioner to the nature and
> character of the charges against him and complied with
> Code § 19.2-220. In addition, as petitioner concedes,
> the indictment correctly identified Lord & Taylor as
> the entity from which the property was taken. Counsel
> could reasonably have determined any error in the
> additional identification of Federated Department
> Stores was not fatal. Thus, petitioner has failed to
> demonstrate that counsel's performance was deficient
> or that there is a reasonable probability that, but
> for counsel's alleged errors, the result of the
> proceeding would have been different.

(ECF No. 17-11, 1-3.)

It is unclear from Brown's submissions whether he faults
counsel for failing to object to the purportedly defective

indictment on state law grounds or on constitutional grounds. To the extent that Brown faults counsel for failing to challenge the indictment on state law grounds, he fails to direct the Court to any law or evidence that demonstrates that the Supreme Court of Virginia's conclusion is incorrect, much less unreasonable. See 28 U.S.C. § 2254(d)(1)-(2); Richardson v. Branker, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . , a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law."); cf. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Brown also fails to demonstrate any error of constitutional dimension. "Due Process and the Sixth Amendment require notice [in an indictment] that is sufficient to allow a reasonable defendant to prepare for trial." Stroud v. Polk, 466 F.3d 291, 297 (4th Cir. 2006) (citations omitted). Here, counsel reasonably believed that Brown had ample notice of the charge against him. The indictment charged in pertinent part, that: "[o]n or about the 26th day of January 2012, in the County of Fairfax, James Brown did feloniously, take, steal, and carry away property of Federated Department Stores, Inc., trading as

16

Lord & Taylor, valued in excess of $200, in violation of Code § 18.2-95." (Sept. 25, 2012 Tr. 5.) While Brown claims the indictment was invalid because it failed to identify the exact property stolen and named the incorrect parent company for Lord & Taylor department store, counsel reasonably eschewed advancing an objection to the indictment on these grounds. Brown knew exactly what items were found in his possession by the store's security guard and the police. Brown also knew that he was charged with taking the clothing items from Lord & Taylor department store.

Moreover, a review of the trial transcript demonstrates that Brown agreed under penalty of perjury, that he "fully under[stood] the charges against" him. (Sept. 25, 2012 Tr. at 8.) Brown fails to offer any persuasive argument to demonstrate that his statement under oath was anything but true. Thus, Brown fails to demonstrate any resulting prejudice from counsel's purported error. Accordingly, it is RECOMMENDED that Claim 4 be DISMISSED.

In Claim 5, Brown faults counsel for "fail[ing] to object to the prosecutor's improper remarks" during closing and sentencing. (§ 2254 Pet. 13.) In the Supreme Court of Virginia, Brown argued that the prosecutor, inter alia, commented on the likelihood of Brown's guilt of the charges and asked the jury to convict Brown (see ECF No. 17-8, at 22), and

17

asked the jury to give Brown a substantial sentence based on his
prior record and to send him a message (see id. at 23).  Brown
identified the specific statements and the page numbers where
the statements could be found.  In explaining and rejecting this
claim, the Supreme Court of Virginia found:

> In a portion of [Claim Five], petitioner contends
> he was denied the effective assistance of counsel
> because counsel failed to object to the prosecutor's
> closing argument during the guilt phase of
> petitioner's trial.  Petitioner contends the
> prosecutor improperly expressed a personal opinion
> that petitioner was guilty.
>     The Court holds that this portion of [Claim 5]
> satisfies neither the "performance" nor the
> "prejudice" prong of the two-part test enunciated in
> Strickland.  The record, including the trial
> transcript, demonstrates that the prosecutor argued
> the evidence was sufficient to prove beyond a
> reasonable doubt that petitioner was guilty of grand
> larceny, possession of burglary tools, and possession
> of marijuana and that the evidence did not support
> petitioner's argument that he that he was returning
> the merchandise he had been accused of stealing, and
> asked the jury to find petitioner guilty.  While a
> prosecutor may not express his personal belief or
> opinion as to a defendant's guilt, he may argue the
> evidence and the fair inferences that arise from the
> evidence show the defendant is guilty.  Artis v.
> Commonwealth, 213 Va. 220, 227, 191 S.E.2d 190, 195
> (1972); Smith v. Commonwealth, 207 Va. 459, 467. 150
> S.E.2d 545, 550 (1966).  Counsel could reasonably have
> determined any objection to the prosecutor's closing
> arguments during the guilt phase of the trial would
> have been futile.  Thus, petitioner has failed to
> demonstrate that counsel's performance was deficient
> or that there is a reasonable probability that, but
> for counsel's alleged errors, the result of the
> proceeding would have been different.
>     In another portion of [Claim 5], petitioner
> contends he was denied the effective assistance of
> counsel because counsel failed to object to the
> prosecutor's closing arguments in the sentencing phase

of the trial. Petitioner argues the prosecutor improperly expressed an opinion when she argued petitioner should be confined for a significant period of time, asked that he be given a period of years to serve because of his criminal record, and argued the jury should send petitioner "a message that when he comes to Fairfax County, he's not going to get away with his actions. He's not going to get off with a light sentence."

The Court holds that this portion of [Claim 5] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. A prosecutor may "argue the evidence and the fair inferences from it with respect both to the defendant's guilt and to a fitting punishment," Jackson v. Commonwealth, 193 Va. 664, 675, 70 S.E.2d 332, 329 (1952), and may argue that the jury consider deterrence as a factor in fixing punishment, so long as the prosecutor does not appeal "to the jurors' passions by exciting their personal interests in protecting the safety and security of their own lives and property" or confuse "the use of punishment and conviction for deterrent purposes." Hutchins v. Commonwealth, 220 Va. 17, 20-21, 255 S.E.2d 459, 461 (1979). Counsel could reasonably have determined any objection to the prosecutor's closing arguments at sentencing, which asked the jury to consider petitioner's criminal record and the need for deterrence and to impose a sentence of years, would have been futile. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(ECF No. 17-11, at 4-5.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)-(2).

In his § 2254 Petition, Brown tersely summarizes a few of the statements that he identified in his state petition as improper remarks made by the prosecutor in her closing argument.

(§ 2254 Pet. 13.) Brown fails to articulate why he believes these remarks were improper or on what grounds counsel should have objected. The prosecutor summarized the evidence of Brown's guilt, applied the evidence to the elements that the jury would have to find in order to find him guilty, and then argued that the jury should find him guilty of all three charges. For the portion of his claim in which he argues that the prosecutor made improper remarks during sentencing, Brown is more specific in his identification of the prosecutor's statements; however, he again fails to identify why the prosecutor's remarks violated his due process rights or on what grounds counsel should have objected to the statements. Brown fails to direct the Court to any law or evidence that demonstrates that the Supreme Court of Virginia's conclusion is incorrect, much less unreasonable.

For the first time in his § 2254 Petition, Brown also identifies two new statements made by the prosecutor during her closing that he believes were improper. First, Brown argues that, during her closing argument, the prosecutor "vouched for the change in the witness Fairfax County police officer Lucas's testimony" by commenting on the fact that "Officer Lucas has been up 33 hrs, he's working hard, it's got to be a long day at that point." (§ 2254 Pet. 13-14.) Brown again fails to articulate why he believes this remark by the prosecutor was

20

improper and violated due process, or on what possible ground counsel could have objected to this statement.   Brown fails to demonstrate any deficiency of counsel or resulting prejudice through this vague contention.   See Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of claim appropriate where it "stated only bald legal conclusions with no supporting factual allegations").

Second, Brown also argues that the prosecutor improperly stated that "[Brown] woke up Thursday morning, January 26, 2012 [and] he planned to steal clothing from Lord & Taylor," and that he "packed his wire cutter [and] . . . his fake ID, I would suggest so that he wouldn't get caught [and] even if he was caught they would never figure out who he actually was . . . ." (§ 2254 Pet. 14.)   Brown claims that this statement was improper because "there is nothing in the record to support her theory . . . ."   (Id.)   Brown again fails to explain why this remark violated due process and on what ground counsel could have made an objection.   Brown stole clothing from Lord & Taylor, and police found the stolen clothing, a wire cutter, and fake identification on his person.   Overwhelming evidence existed of Brown's guilt no matter what theory the prosecutor advanced. Counsel reasonably perceived that an objection to what Brown refers to as the prosecutor's unsupported "theory" would have had little to no impact in light of the evidence against Brown.

21

Brown fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, it is RECOMMENDED that Claim 5 be DISMISSED.[5]

In Claim 6, Brown argues that counsel rendered ineffective assistance when he "failed to request a petty [sic] larceny jury instruction." (§ 2254 Pet. 15.)

In rejecting this claim, the Supreme Court of Virginia explained:

> [P]etitioner contends he was denied the effective assistance of counsel because counsel failed to request an instruction on the lesser-included offense of petit larceny. Petitioner contends the jury could have found he stole only one item valued at $185, and not three items with the combined value of $355, as the prosecutor alleged.
> The Court holds that [Claim 6] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that the jury was instructed on the lesser-included offense of petit larceny. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(ECF No. 17-11, at 5-6.) As Brown's allegation is squarely belied by the record because a petit larceny instruction was given by the Circuit Court (see Sept. 25, 2012 Tr. 207), he fails to demonstrate any deficiency of counsel or resulting

---

[5] Because counsel rendered no ineffective assistance, counsel also fails to serve as the cause for Brown's default of Claim 3.

prejudice.   Accordingly,  it  is  RECOMMENDED  that  Claim  6  be DISMISSED.

In   Claim   7,   Brown   contends   that   counsel   rendered ineffective assistance when he "failed to investigate [Brown's] defense."  (§ 2254 Pet. 17.)   Brown essentially faults counsel for failing to advance his defense that he was merely returning merchandise to Lord & Taylor.  (Id. at 17-18.)

In  rejecting  this  claim,  the  Supreme  Court  of  Virginia found:

> Petitioner    contends    he    was    denied    the    effective
> assistance of counsel because counsel failed to obtain
> and admit into evidence that petitioner has returned
> merchandise   to   two   other   stores   in   a   different
> shopping   center   using   the   identification   of   James
> Thomas, and had received gift cards for those returns.
> Petitioner argues this evidence would have supported
> his claim that he was returning, and not stealing, the
> merchandise from Lord & Taylor.
>      The Court holds that [Claim 7] satisfies neither
> the  "performance"  nor  the  "prejudice"  prong  of  the
> two-part test enunciated in Strickland.   Counsel could
> reasonably have determined it would not be helpful to
> petitioner's  case  to  admit  evidence  that  he  had
> recently   returned   merchandise   to   other   stores   using
> someone else's identification.   Thus, petitioner has
> failed to demonstrate that counsel's performance was
> deficient  or  that  there  is  a  reasonable  probability
> that, but for counsel's alleged errors, the result of
> the proceeding would have been different.

(ECF  No.  17-11,  at  6.)    The  Court  discerns  no  unreasonable application of the law and no unreasonable determination of the facts.   See 28 U.S.C. § 2254(d)(1)-(2).

Contrary to Brown's assertion, counsel reasonably eschewed advancing a defense that Brown had been at a different mall in Maryland that day returning items under a false name and had received gift cards for these returns. Cf. Byram v. Ozmint, 339 F.3d 203, 209-10 (4th Cir. 2003) (finding no ineffective assistance where counsel adequately investigated and made strategic decision not to present evidence that could have harmed the defense). The jury heard testimony from the Lord & Taylor security officer that Brown had several Macy's bags filled with merchandise from other stores and that there were no receipts for these items in the bags. (Sept. 25, 2012 Tr. 116.) If counsel had advanced this defense, a rational jury could have concluded that Brown had stolen items from other stores and returned the items for store credit using a false identity, making it even more likely that he committed the grand larceny from Lord & Taylor. Moreover, in light of the overwhelming evidence of his guilt of grand larceny, Brown fails to demonstrate any prejudice. Because Brown fails to demonstrate any deficiency or resulting prejudice, it is RECOMMENDED that Claim 7 be DISMISSED.

### b. Appellate Counsel

In Claim 8, Brown argues that he was denied the effective assistance of counsel when "appella[te] counsel failed to raise discovery violation on appeal." (§ 2254 Pet. 18.)

In explaining and rejecting this claim, the Supreme Court of Virginia found:

> [P]etitioner contends he was denied the effective assistance of counsel because appellate counsel failed to argue the prosecutor violated the rules of discovery by providing petitioner with a receipt dated September 21, 2012, showing the value of the stolen merchandise was $355, but not providing him with a receipt dated January 26, 2012, the day of the offense, which also showed the value of the stolen merchandise was $355. Petitioner complains that only the January 26, 2012 receipt was admitted at trial.
>
> The Court holds that [Claim 8] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to the discretion of the appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(ECF No. 17-11, at 6-7.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)-(2).

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (citing Strickland, 466 U.S. at 688, 694). A presumption exists that appellate counsel "'decided which issues

25

were most likely to afford relief on appeal.'" Id. (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Id. (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751-52 (1983)).

On appeal, appellate counsel argued that the evidence was insufficient to support Brown's conviction of grand larceny because "the jeans found in [his] bag were not proven to have been stolen, and the value of the jacket alone was less than $200." (ECF No. 17-6, at 5.) Brown has not shown that his vague discovery challenge has more merit than the stronger grounds pursued by counsel. Brown fails to demonstrate deficiency of appellate counsel or resulting prejudice, and it is RECOMMENDED that Claim 8 be DISMISSED.

Finally, in Claim 9, Brown faults appellate counsel for "fail[ing] to refute what the [Commonwealth] had said in [his]

opposition to appeal." (§ 2254 Pet. 20.) Brown contends that the Commonwealth stated in its opposition that

> it was proven by direct and circumstantial evidence that the Petitioner took approximately four pairs of jeans into the fitting room, and that the loss prevention officer couldn't be certain that the jeans were from the Fair Oaks store, however, the tags on the jeans scanned in the computer system as Lord & Taylor merchandise. Appella[te] counsel should have refuted what the [Commonwealth] had said, because the record illustrates something contrary. Had counsel refuted what the [Commonwealth] had said, it would have compelled the Court to review the record . . . .

(Id.)

Brown fails to identify with specificity exactly which statement in the Commonwealth's appellate brief that he desired appellate counsel to refute. The Court presumes that Brown takes issue with the statement that "it was proven" that he took the jeans into the fitting room. The Supreme Court of Virginia did not specifically address this claim; however, it clearly lacks merit.

Appellate counsel raised the exact claim that Brown now seemingly makes-that insufficient evidence existed to prove that he stole the jeans from the Fair Oaks Mall Lord & Taylor store. (ECF No. 17-6, at 5.) The Court of Appeals of Virginia reviewed the record and was unpersuaded by that argument. Brown fails to proffer what further argument counsel could have pursued that would have altered the appellate court's conclusion in light of the overwhelming evidence of Brown's guilt. Brown fails to

demonstrate any deficiency of counsel or resulting prejudice. Accordingly, it is RECOMMENDED that Claim 9 be DISMISSED.

**C.   Conclusion**

Accordingly, it is RECOMMENDED that the Motion to Dismiss (ECF No. 16) be GRANTED, Brown's claims be DISMISSED, and the 28 U.S.C. § 2254 Petition be DENIED.

Brown is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. See Carr v. Hutto, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Brown and counsel of record.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: May 31, 2016

28